UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO MORA GUTIERREZ,<br><br>         Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, et al.,<br><br>         Respondents. | Case No.: 26-cv-112-RSH-JLB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

On January 8, 2026, petitioner Lazaro Mora Gutierrez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), as well as a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2.

Petitioner is a citizen of Cuba. ECF No. 1 at 2. He was initially arrested by U.S. Immigration and Customs Enforcement ("ICE") on June 25, 2016, when he attempted to enter the United States unlawfully on a homemade watercraft. ECF No. 5-2 ¶ 6. On or about March 11, 2017, Petitioner was issued a final administrative removal order. *Id.* ¶ 8. On January 4, 2018, however, Petitioner was released from custody on an order of supervision, because DHS was unable to remove Petitioner to Cuba. ECF No. 1 at 2 & Ex. A; ECF No. 5-2 ¶ 9. Thereafter, on or about October 22, 2025, Petitioner was arrested by ICE. ECF No. 1 at 2; ECF No. 5-2 ¶ 10. He remains in detention at the Otay Mesa Detention

Center in San Diego, California. ECF No. 1 at 2.

In the Petition, Petitioner challenges the lawfulness of his detention, and asks for an order directing his release. *Id.* at 17. As set forth below, the Court grants the Petition.

## I.   LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.   ANALYSIS

Under the Immigration and Nationality Act, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

DHS regulations permit the release of an alien on an order of supervision where, among other circumstances, there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. *See* 8 C.F.R. § 241.13. An alien who violates the terms of such an order of supervision may be returned to custody. *Id.* § 241.13(i)(1). Additionally, even where there has been no violation, DHS "may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, [DHS] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). The regulations provide for certain procedures upon revocation: "Upon revocation, the alien will be notified of the reasons for revocation of his or her release. [DHS] will conduct an initial informal interview promptly after his or her return to [DHS] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she be

removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision." *Id.* § 241.13(i)(3).

Respondents candidly concede that these procedures were not followed here. ECF No. 5 at 1-2. Additionally, Respondents do not contend that, prior to revocation of Petitioner's release, DHS determined, on account of changed circumstances, that there is a significant likelihood that he could be removed in the reasonably foreseeable future.

Government agencies are required to follow their own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Nat'l Ass'n of Home Builders v. Norton*, 340 F.3d 835, 852 (9th Cir. 2003). Courts have determined that where DHS fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered. *See, e.g.*, *Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2444087, at *8 (D. Md. Aug. 25, 2025); *M.S.L. v. Bostock*, No. 6:25-cv-1204-AA, 2025 WL 2430267, at *10-11 (D. Or. Aug. 21, 2025); *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 165-66 (W.D.N.Y. 2025); *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017). This Court reaches the same conclusion and will therefore grant the Petition and order Petitioner's release.

The Petition also requests a permanent injunction regulating the terms under which Petitioner may be detained in the future or removed to a country other than Cuba. ECF No. 1 at 17. The Court declines to issue such an injunction, on the grounds that it exceeds the scope of relief available to Petitioner on his habeas petition.

**IV.   CONCLUSION**

For the foregoing reasons, the Petition is **GRANTED**. Respondents are ordered to immediately release Petitioner from custody, subject to the conditions of his preexisting order of supervision. The Court denies all other relief sought in the Petition.

//
//
//
//

In light of this disposition, the Court **DENIES** as moot Plaintiff's application for a temporary restraining order.

The hearing currently scheduled for January 22, 2026 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 16, 2026

_____
Hon. Robert S. Huie
United States District Judge